IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| *STEVEN ADAMS* | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Cause No. |
| *ESTES EXPRESS LINES* | ) |
| *CORPORATION, and JAMES FINNEY,* | ) |
| | ) |
| Defendants. | ) |
| | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant Estes Express Lines Corporation (hereinafter "Estes Express"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and hereby files its Notice of Removal of the above-captioned matter to the United States District Court for the Eastern District of Missouri, Southeastern Division. Defendant Estes Express asserts the following grounds supporting removal:

### BACKGROUND AND TIMELINESS OF REMOVAL

1. The above-captioned matter was filed in the Circuit Court of Scott County, Missouri on or about December 10, 2020 and was assigned case number 20SO-CV01537.

2. Defendant Estes Express was served on December 21, 2020.

3. Defendant James Finney has not yet been served.

4. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446 because it is being filed "within 30 days after the receipt by [Defendant Estes Express], through service or otherwise, of a copy of the initial pleading…"

14501338.v1

5. Appended hereto as Exhibit 1 is a copy of all process, pleadings, and orders served by Plaintiff Steven Adams ("Plaintiff") in the Circuit Court of Scott County, Missouri, namely, the summons directed to Defendant Estes Express and the Petition for Damages.  *See* 28 U.S.C. § 1446(a).

6. Appended hereto as Exhibit 2 is a copy of the Notice to Adverse Party of Filing of Notice of Removal, which will be promptly served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

7. Appended hereto as Exhibit 3 is a copy of the Notice to State Court of Filing of Notice of Removal, which will be promptly filed with the Clerk of the Circuit Court of Scott County, Missouri, pursuant to 28 U.S.C. § 1446(d).

8. The Original Filing Form is appended hereto as Exhibit 4 and the Civil Cover Sheet is appended hereto as Exhibit 5.

9. This Notice of Removal is signed pursuant to FED.R.CIV.P. 11.  *See* 28 U.S.C. § 1446(a).

## VENUE

10. The Circuit Court of Scott County, Missouri is located within the Eastern District of Missouri, *see* 28 U.S.C. § 105(a)(3), and venue for this action is proper in this Court because the Eastern District of Missouri, Southeastern Division is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## DIVERSITY JURISDICTION EXISTS BETWEEN THE PARTIES

11. Under information and belief, Plaintiff is an individual who resides in Scott City, Missouri.  Plaintiff therefore is a citizen of Missouri for the purposes of diversity jurisdiction.

14501338.v1

12. Estes Express Lines Corporation is a corporation organized and existing under the laws of Virginia and having its principal place of business in Virginia. Therefore, Estes Express Lines Corporation is a citizen of Virginia for purposes of diversity jurisdiction.

13. James Finney is an individual who resides in Red Banks, Mississippi. James Finney is therefore a citizen of Mississippi for the purposes of diversity jurisdiction.

14. Because no defendant has the same citizenship as the plaintiff, and no defendant is a citizen of Missouri, complete diversity of citizenship exists in this case. 28 U.S.C. § 1332(a).

## AMOUNT IN CONTROVERSY IS SATISFIED

1. In Count I of his Petition, Plaintiff brings a cause of action for negligence against Defendant James Finney.

2. In Count II, Plaintiff brings a cause of action for negligence per se against Defendant James Finney.

3. In Count III, Plaintiff brings a cause of action for negligence and negligence per se against Defendant Estes Express via respondent superior (for Estes Express Lines' alleged employment of Defendant James Finney. *See id.* at ¶ 26.

4. In all three Counts of his Petition, Plaintiff seeks damages for permanent and progressive personal injuries to his head, back, and abdomen, which he alleges are the result of a motor vehicle collision with Defendant James Finney.

5. Specifically, Plaintiff seeks damages for: (1) past, present, and future severe pain, suffering, and anguish; (2) past and future medical bills, the amount of which are unknown; (3) past and future lost wages, lost income, and lost profits; and (4) a loss of earnings capacity. *See* Petition for Damages, attached hereto as Exhibit 1, at ¶¶ 11-16, 21-24, and 30-32.

6. Where a plaintiff has alleged serious injuries, Missouri federal courts have concluded the amount in controversy requirement has been met. *See Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1041 (E.D. Mo. 2002); *Hall v. Vlahoulis*, 2007 WL 433266, at *1 (W.D. Mo. Feb. 5, 2007).

7. Here, based on the above, the amount in controversy in this matter exceeds $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547 (2014) ("defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"); *Fenlon v. Burch*, No. 4:15–CV–00185(JCH), 2015 WL 928558, at *2 (E.D. Mo. Mar. 4, 2015) ("District courts should accept the defendant's statement "when not contested by the plaintiff or questioned by the court.") (*quoting Dart Cherokee Basin Operating Co.*, 135 S.Ct. at 553); *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) (holding "[t]he district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.").

8. If the allegation is called into question, "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart*, 574 U.S. at 88. Critically, the relevant jurisdictional inquiry in determining amount in controversy "is not whether the damages ***are*** greater than the requisite amount, but whether a fact finder ***might*** legally conclude that they are." *Faltermeier v. FCA US LLC*, 899 F.3d 617, 622 (8th Cir. 2018) (emphasis added) (quotation omitted).

9. Defendant Estes Express is "not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it," nor is it required to provide a "formula or

4

methodology for calculating the potential damages." *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887-88 (8th Cir. 2013) (quotation omitted).

10. Instead, Defendant Estes Express can rely on "reasonable deductions, reasonable inferences, or other reasonable extrapolations" to establish the amount in controversy. *Waters v. Ferrara Candy Co.*, 873 F.3d 633, 636 (8th Cir. 2017); *cf. Waters v. Home Depot USA, Inc.*, 2020 WL 1170248, at *6 (E.D. Mo. Mar. 11, 2020) ("[W]hen the preponderance of evidence standard applies, 'the defendant's showing on the amount in controversy may rely on reasonable assumptions,' and there is no demand at the early stages of removal to conclusively establish damages.") (quotations omitted).

11. Once Defendant Estes Express carries its burden, Plaintiff can defeat jurisdiction *only* if "it appears to a *legal certainty* that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (emphasis added). Plaintiff must "establish that it is legally impossible to recover in excess of the jurisdictional minimum." *Bell*, 557 F.3d at 959. "Even if it is highly improbable that the Plaintiffs will recover the amounts Defendants have put into controversy, this does not meet the legally impossible standard." *Raskas*, 719 F.3d at 888.

12. Although Defendant Estes Express denies liability for the damages sought in the Petition, it is apparent that the amount in controversy here exceeds $75,000 given the nature of Plaintiff's claims.

13. Pursuant to 28 U.S.C. §1332(a)(1), the Court has jurisdiction over this matter because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because this lawsuit is between citizens of different states.

14501338.v1

## CONCLUSION

WHEREFORE, Defendant Estes Express Lines Corporation respectfully requests the above-captioned matter be removed from the Circuit Court of Scott County, Missouri to the United States District Court for the Eastern District of Missouri, Southeastern Division.

SANDBERG PHOENIX & von GONTARD P.C.

By:   */s/ Natalie J. Kussart*
      Mary Anne Mellow, #33351
      Natalie J. Kussart, #59622
      600 Washington Avenue - 15th Floor
      St. Louis, MO  63101-1313
      314-231-3332
      314-241-7604 (Fax)
      mmellow@sandbergphoenix.com
      nkussart@sandbergphoenix.com
      *Attorneys for Defendant*
      *Estes Express Lines Corporation*

## Certificate of Service

I hereby certify that on 20th day of January 2021 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Rick VanAntwerp
Aaron Sachs & Associates, P.C.
rick@autoinjury.com
*Attorney for Plaintiff*

*/s/ Natalie J. Kussart*

6

14501338.v1