

# Notice of Service of Process

null / ALL
Transmittal Number: 22476542
Date Processed: 12/23/2020

| | |
|---|---|
| **Primary Contact:** | Kay Sanders<br>Estes Express Lines<br>3901 W Broad St<br>Richmond, VA 23230-3962 |

| | |
|---|---|
| **Entity:** | Estes Express Lines Corporation<br>Entity ID Number 0175919 |
| **Entity Served:** | Estes Express Lines Corporation |
| **Title of Action:** | Steven Adams vs. James Finney |
| **Document(s) Type:** | Notice and Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Scott County Circuit Court, MO |
| **Case/Reference No:** | 20SO-CV01537 |
| **Jurisdiction Served:** | Missouri |
| **Date Served on CSC:** | 12/21/2020 |
| **Answer or Appearance Due:** | |
| **Originally Served On:** | CSC |
| **How Served:** | Regular Mail |
| **Sender Information:** | Rich VanAntwerp<br>417-889-1400 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

## IN THE CIRCUIT COURT OF SCOTT COUNTY, MISSOURI

Steven Adams,

        Plaintiff,

vs.

James Finney and Estes Express Lines Corporation

        Defendants.

Case No.: 20SO-CV01537

### NOTICE AND ACKNOWLEDGMENT FOR SERVICE BY MAIL

TO: **CSC-Lawyers Incorporating**
**221 Bolivar Street**
**Jefferson City, MO 65101**

    The enclosed summons and petition are served pursuant to Missouri Supreme Court Rule 54.16.

    You may sign and date the acknowledgment part of this form and return one copy of the completed form to the sender within thirty days of **December 18, 2020**.

    If you are served on behalf of a corporation, unincorporated association, including a partnership, or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

    If you do not complete and return the form to the sender within thirty days, you or the party on whose behalf you are being served may be required to pay any expenses incurred in serving a summons and petition in any other manner permitted by law.

    If you do complete and return this form, you or the party on whose behalf you are being served must answer the petition within thirty days of the date you sign the acknowledgment below. If you fail to do so, judgment by default may be taken against you for the relief demanded in the petition.

I DECLARE, UNDER PENALTY OF PERJURY, THAT THIS NOTICE WAS MAILED ON December 18, 2020.

_____
Signature

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND PETITION

I declare, under penalty of filing a false affidavit, that I received a copy of the Summons and of the Petition in the above captioned matter.

_____
Signature

_____
Relationship to Entity or
Authority to Receive Service of Process

_____
Date Signed



# IN THE 33RD JUDICIAL CIRCUIT, SCOTT COUNTY, MISSOURI

| Judge or Division: DAVID ANDREW DOLAN | Case Number: 20SO-CV01537 |
|---|---|
| Plaintiff/Petitioner: STEVEN ADAMS | Plaintiff's/Petitioner's Attorney/Address RICHARD EDWARD VANANTWERP 3271 East Battlefield SUITE 350 SPRINGFIELD, MO 65804 |
| vs. | |
| Defendant/Respondent: JAMES FINNEY | Court Address: P O BOX 587 BENTON, MO 63736 |
| Nature of Suit: CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** JAMES FINNEY
**Alias:**
188 WATKINS ROAD
RED BANKS, MS 38661

*COURT SEAL OF SCOTT COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

December 17, 2020 — Date

*Stacey Naile, Scott County Circuit Clerk* — Clerk
/s/ Nancy Weissmueller, Deputy Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ | _____
Printed Name of Sheriff or Server | Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____ Date    _____ Notary Public

**Sheriff's Fees, if applicable**
Summons $_____
Non Est $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $   10.00
Mileage $_____ ( ____ miles @ $. ____ per mile)
**Total** $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 33RD JUDICIAL CIRCUIT, SCOTT COUNTY, MISSOURI

| Judge or Division:<br>DAVID ANDREW DOLAN | Case Number: 20SO-CV01537 |
|---|---|
| Plaintiff/Petitioner:<br>STEVEN ADAMS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>RICHARD EDWARD VANANTWERP<br>3271 East Battlefield<br>SUITE 350<br>SPRINGFIELD, MO  65804 |
| Defendant/Respondent:<br>JAMES FINNEY | Court Address:<br>P O BOX 587<br>BENTON, MO  63736 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** JAMES FINNEY
                            Alias:
**188 WATKINS ROAD**
**RED BANKS, MS  38661**

*COURT SEAL OF*

*SCOTT COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____December 17, 2020_____       | *Stacey Naile, Scott County Circuit Clerk*
Date                                                                Clerk
                                                                    /s/ Nancy Weissmueller, Deputy Clerk
Further Information:

### Sheriff's or Server's Return
**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____     _____
                              Date                              Notary Public

**Sheriff's Fees, if applicable**
Summons             $_____
Non Est             $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $____10.00____
Mileage             $_____ (_____ miles @ $._____ per mile)
**Total**           $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

## IN THE CIRCUIT COURT OF SCOTT COUNTY, MISSOURI

STEVEN ADAMS )
    Plaintiff, )
 )
v. )     Case No. _____
 )
JAMES FINNEY, )     JURY TRIAL DEMANDED
    Serve at: )
    188 Watkins Road )
    Red Banks, Mississippi 38661 )
 )
and, )
 )
ESTES EXPRESS LINES CORPORATION, )
    Serve Registered Agent at: )
    CSC-Lawyers Incorporating Service Co. )
    221 Bolivar Street )
    Jefferson City, Missouri 65101 )
 )
    Defendants. )

### PETITION FOR DAMAGES

### GENERAL ALLEGATIONS

**COME NOW** Plaintiffs, Steven Adams, by and through his attorneys of record, Aaron Sachs & Associates, P.C., and for his Petition for Damages against Defendants, state as follows:

1. At all times relevant herein, Plaintiff Steven Adams was a resident of Scott County, Missouri.

2. At all times relevant herein, Defendant James Finney was a resident of Marshall County, Mississippi.

3. At all times relevant herein, Defendant Estes Express Lines Corporation, was a corporation in good standing in the State of North Carolina. Further, it conducts and transacts interstate business, including the State of Missouri, and, as such, is capable of suing and being

sued in Missouri courts, and vicariously liable for the conduct of its employees, agents, servant and/or lessors, including Defendant James Finney.

4. That all events described herein, and which gave rise to Plaintiffs' cause of action, occurred in Scott County, Missouri.

5. That this Court has jurisdiction over this cause of action because the injuries arise from tortious conduct committed in Scott County, Missouri, and because the damages are in excess of $25,000.00.

6. At all times relevant herein, the portions of Interstate 55 Exit Ramp 997 where this incident occurred was a public highway, street, or thoroughfare, located in Scott County, Missouri.

7. On or about January 18, 2017, at approximately 10:28 p.m., Plaintiff Steven Adams was operating a 2001 Jeep Grand Cherokee in a southerly direction on Exit Ramp 997 on Interstate 55, in Scott County, Missouri.

8. At the above-referenced date and time, Defendant James Finney was operating a 2015 Volvo Conventional in a northerly direction on Exit Ramp 997 on Interstate 55, in Scott County, Missouri.

9. At the above-referenced date and time, Defendant James Finney's motor vehicle went the wrong direction on Exit Ramp 997 on Interstate 55, causing the vehicle operated by Plaintiff Steven Adams to attempt evasive action and eventually collide with the vehicle operated by Defendant James Finney, causing injuries to Plaintiff as hereinafter alleged.

## COUNT I – NEGLIGENCE OF DEFENDANT JAMES FINNEY

**COMES NOW** Plaintiff Steven Adams, and for his cause of action for negligence against Defendant James Finney, states as follows:

10. Plaintiff incorporates by reference each and every allegation contained in the General Allegations, above, as though said paragraphs were set forth herein.

11. At the above-referenced date and time, Defendant Finney negligently operated his vehicle by driving the wrong direction down the Exit Ramp #977 on Interstate 55 and causing a collision with Plaintiff's vehicle, thereby resulting in injuries to Plaintiff as hereinafter alleged.

12. At the time of the collision, Defendant Finney owed duties both to the public in general, and to Plaintiff Steven Adams individually, to operate his vehicle using the highest degree of care, and negligently breached that duty in one or more of the following respects:

   a. He failed to keep a careful lookout for other motor vehicles at that time and place;

   b. He failed to maintain control of his vehicle;

   c. He failed to keep a proper lookout;

   d. He failed to devote adequate attention to the roadway and the presence of other vehicles such as the vehicle in which Plaintiff was a passenger;

   e. He operated the vehicle while distracted;

   f. He failed to use the highest degree of care whereby Defendant could have known that there was a reasonable likelihood of collision in time thereafter to have stopped, or swerved, or slackened speed, or sounded a warning, or swerved and sounded a warning with respect to Plaintiff and the vehicle in which Plaintiff was a passenger, but Defendant failed to do so; and

13. As a direct and proximate result of the negligence of Defendant Finney, Plaintiff Steven Adams sustained permanent and progressive injuries including, but not limited to, his head, back, and abdomen.

14. As a direct and proximate result of the negligence of Defendant Finney, Plaintiff Steven Adams sustained past, present, and future severe pain, suffering, and anguish.

15. As a direct and proximate result of the negligence of Defendant Finney, Plaintiff Steven Adams has incurred, and in the future may incur, significant medical expenses, the exact amount of which is not yet known.

16. As a direct and proximate result of the negligence of Defendant Finney, Plaintiff Steven Adams has incurred, and in the future may incur, lost wages, lost income, lost profits, and loss of earning capacity.

**WHEREFORE,** Plaintiff Steven Adams prays for judgment against Defendant Finney, for such damages as are fair and reasonable, for his costs herein incurred, and for such other relief to which the law may entitle him, and to which to court deems just and proper in the premises.

### COUNT II – NEGLIGENCE *PER SE* OF DEFENDANT FINNEY

**COMES NOW** Plaintiff Steven Adams, and for his cause of action for negligence *per se* against Defendant Finney, states as follows:

17. Plaintiff incorporates by reference each and every allegation contained in the General Allegations and Count I, as though said paragraphs were set forth herein.

18. At the time of the collision, Defendant Finney was negligent *per se* and acted in reckless disregard for the safety of Plaintiff Steven Adams and the public in general in the following ways:

    a. Failure to operate the vehicle in a careful and prudent manner in violation of §304.012, RSMo;

  b. Failure to comply with the rules of the road in violation of §304.010, RSMo *et seq*;

  c. Failure to operate the vehicle in the single lane in violation of §304.015, RSMo;

  d. Failure to use the highest degree of care when operating a motor vehicle in violation of §304.012, RSMo; and

  e. Any such other ordinances, statues, regulations, or laws that may be discovered during the discovery phase of this case.

19. To the extent that Defendant Finney has been convicted of a traffic violation, statute, infraction, misdemeanor, or the like, arising from this accident, Plaintiff Steven Adams hereby pleads the doctrine of collateral estoppel and reserves the right to relay on any such conviction as a basis for offensive collateral estoppel on the issues of liability and/or causation and/or damages..

20. As a direct and proximate result of the negligence *per se* of Defendant Finney, Plaintiff Steven Adams significant bodily injuries including injuries, but not limited to, his head, back, and abdomen.

21. As a direct and proximate result of the negligence of Defendant Finney, Plaintiff Steven Adams has sustained past, present, and future severe pain, suffering, and anguish.

22. As a direct and proximate result of the negligence of Defendant Finney, Plaintiff Steven Adams has incurred significant medical expenses, the exact amount of which is not yet known.

23. As a direct and proximate result of the negligence of Defendant Finney, Plaintiff Steven Adams in the future may incur significant medical expenses, the exact amount of which is

not yet known.

24. As a direct and proximate result of the negligence of Defendant Finney, Plaintiff Steven Adams has incurred, and in the future may incur, lost wages, lost income, lost profits, and loss of earning capacity.

**WHEREFORE,** Plaintiff Steven Adams prays for judgment against Defendant Finney, for such damages as are fair and reasonable, for his costs herein incurred, and for such other relief to which the law may entitle him, and to which the court deems just and proper in the premises.

### COUNT III – NEGLIGENCE OF DEFENDANT ESTES EXPRESS LINES CORPORATION

**COMES NOW** Plaintiff Steven Adams, and for his cause of action for negligence and negligence *per se* against Defendant Estes Express Lines Corporation, states as follows:

25. Plaintiff incorporates by reference each and every allegation contained in the General Allegations, Count I and Count II, as though said paragraphs were set forth herein.

26. Upon information and belief, Defendant Estes Express Lines Corporation employs that Defendant Finney was an employee, agent, servant and/or lessor of Defendant Estes Express Lines Corporation, at the time of this incident.

27. Defendant Estes Express Lines Corporation, at the time of this incidence, Defendant Finney was acting within the scope and course of his employment, or agency, or capacity as an employee, agent, or servant and/or lessor with Defendant Estes Express Lines Corporation.

28. Defendant Estes Express Lines Corporation is vicariously liable for the negligent conduct of its agent/servant/employee Defendant James Finney via *respondeat superior*.

29. As a result of the direct, vicarious negligence and negligence *per se* of Defendant Estes Express Lines Corporation, by and through its employee, agent, servant and/or lessor,

Defendant James Finney, Plaintiff Steven Adams sustained significant bodily injuries including, but not limited to, his head, back, and abdomen.

30. As a direct and proximate result of the negligence of Defendant Estes Express Lines, by and through its employee, agent, servant and/or lessor, James, Finney, Plaintiff Steven Adams has sustained past, present, and future severe pain, suffering, and anguish.

31. As a direct and proximate result of the negligence of Defendant Estes Express Lines, by and through its employee, agent, servant and/or lessor, James Finney, Plaintiff Steven Adams has incurred, and in the future may incur, significant medical expenses, the exact amount of which is not yet known.

32. As a direct and proximate result of the negligence of Defendant Estes Express Lines, by and through its employee, agent, servant and/or lessor, James Finney, Plaintiff Steven Adams has incurred, and in the future may incur, lost wages, lost income, lost profits, and loss of earning capacity.

**WHEREFORE,** Plaintiff Steven Adams prays for judgment against Defendant Estes Express Lines, for such damages as are fair and reasonable, for his costs herein incurred, and for such other relief to which the law may entitle him, and to which the court deems just and proper in the premises.

AARON SACHS & ASSOCIATES, P.C.

Rick VanAntwerp
Missouri Bar No. 62315
Email: rick@autoinjury.com
3271 E. Battlefield, Ste. 350
Springfield, MO 65804
Telephone:   417-889-1400
Facsimile:    417-889-5359
Attorneys for Plaintiff



**Aaron Sachs & Associates, P.C.**

3271 E. Battlefield, Suite 350
Springfield, Missouri 65804

Attn: Laken
Aaron Sachs & Associates
3271 E. Battlefield, Suite 350
Springfield, MO 65804

NEOPOST               FIRST-CLASS MAIL
12/18/2020
US POSTAGE  $000.65⁰



ZIP 65804
041L10406885



**Aaron Sachs & Associates, P.C.**

3271 E. Battlefield, Suite 350
Springfield, Missouri 65804

NEOPOST           FIRST-CLASS MAIL
12/18/2020
US POSTAGE  $000.80⁰

ZIP 65804
041L10406885

CSC-Lawyers Incorporating
221 Bolivar Street
Jefferson City, MO 65101